**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZUNUM AERO, INC., <br><br> Plaintiff-Ctr-Defendant-Appellant, <br><br> v. <br><br> THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC, <br><br> Defendant-Ctr-Claimants-Appellees. | No. 24-5212 <br><br> D.C. No. 2:21-cv-00896-JLR <br><br> MEMORANDUM* |
| ZUNUM AERO, INC., <br><br> Plaintiff-Ctr-Defendant-Appellant, <br><br> v. <br><br> THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC, <br><br> Defendant-Ctr-Claimants-Appellees. | No. 24-5751 <br><br> D.C. No. 2:21-cv-00896-JLR |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 11, 2025[**]
San Francisco, California

Before: RAWLINSON, BADE, and KOH, Circuit Judges.

This appeal arises from post-trial rulings in a dispute between Zunum Aero, Inc. ("Zunum"), an aerospace startup, and The Boeing Co. and Boeing HorizonX Ventures, LLC, (collectively, "Boeing"). After an eight-day trial, the jury issued a split verdict, concluding that Boeing had misappropriated 11 of 19 alleged trade secrets, breached one contract (out of two), and tortiously interfered with Zunum's business expectancy with a potential investor, Safran S.A. ("Safran"). After trial, the district court granted Boeing's motion for judgment as a matter of law ("JMOL") and Boeing's motion for a conditional new trial. We have jurisdiction under 28 U.S.C. § 1291. We review the JMOL ruling de novo and the conditional new trial ruling for abuse of discretion, *Wallace v. City of San Diego*, 479 F.3d 616, 624, 630 (9th Cir. 2007), and we reverse.

1.　　We reverse the district court's grant of JMOL in favor of Boeing on Zunum's trade secret misappropriation claims. First, the district court erred in concluding that "Zunum failed to identify any of its alleged trade secrets with sufficient particularity." Although a plaintiff must identify its claimed trade secrets

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

at trial with sufficient specificity to allow the jury to determine whether the information meets the statutory definition of a trade secret, *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020), it need not precisely define the boundaries of each claimed trade secret, *see, e.g.*, *Forro Precision, Inc. v. Int'l Bus. Machs. Corp.*, 673 F.2d 1045, 1057 (9th Cir. 1982). Here, the court rejected Zunum's repeated attempts to introduce comprehensive trade secret definitions into evidence and instead provided the jury with a court-created exhibit enumerating Zunum's alleged trade secrets with a short description of each. Zunum's witnesses identified the trade secrets by number, provided a basic explanation of each, and used exhibits and demonstratives to exemplify information comprising specific trade secrets. This provided sufficient specificity for the jury to meaningfully evaluate whether each alleged trade secret met the statutory definition of a protectable trade secret.

    The district court also erred in concluding that Zunum failed to present substantial evidence that its alleged trade secrets derived value from not being generally known to, or readily ascertainable by, others. *See* Wash. Rev. Code § 19.108.010(4) (defining a trade secret as information that, *inter alia*, "[d]erives independent economic value, actual or potential, from not being generally known . . . and not being readily ascertainable by proper means"). Zunum's technical experts testified to these issues specifically, and, having ruled that Zunum's experts

3

were qualified to render their opinions on these subjects, the district court was required to take their testimony as true in considering Boeing's motion for JMOL. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (explaining that, in considering a motion for JMOL, "the court must draw all reasonable inferences in favor of the nonmoving party" and "may not make credibility determinations or weigh the evidence"); *Krechman v. County of Riverside*, 723 F.3d 1104, 1110-11 (9th Cir. 2013) ("Having admitted the testimony of [the nonmoving party's] experts, the judge was bound to take their testimony as true for the purposes of considering whether to grant judgment as a matter of law."). The district court also overlooked other relevant evidence introduced at trial. Zunum's fact and expert witnesses testified to the time, effort, and money it took Zunum to develop its portfolio of trade secrets, and to the technological and commercial benefits reflected in Zunum's trade secrets. Moreover, documentary evidence showed that Boeing employees contemporaneously discussed the difficulty of replicating Zunum's technology. From this evidence, the jury could have reasonably inferred that Zunum's trade secrets were not generally known, not readily ascertainable, and valuable.

  Substantial evidence also supported the jury's misappropriation findings. Zunum's technical experts testified about indications of improper use of Zunum's trade secrets by Boeing, citing specific similarities between Zunum and Boeing

4

designs, data, methods, and business strategies. This testimony was supported by documentary evidence showing these similarities, and by internal Boeing communications introduced at trial suggesting that Boeing intended to modify its own in-house designs, methods, and strategies to incorporate information from certain Zunum trade secrets. From this evidence, the jury could have reasonably concluded that Boeing improperly used Zunum's trade secrets for competitive purposes, which constitutes misappropriation under Washington law. *See* Wash. Rev. Code § 19.108.010(2)(b) (defining misappropriation to include "use of a trade secret of another without express or implied consent by a person who . . . acquired [it] under circumstances giving rise to a duty to maintain its secrecy or limit its use").

  2. We reverse the district court's grant of JMOL in favor of Boeing on Zunum's breach of contract claim. First, the district court erred in concluding that Zunum failed to present substantial evidence at trial that Boeing made unauthorized use of Zunum's confidential information in breach of the parties' 2017 investor rights letter. Under the parties' agreement, Boeing was not permitted to use Zunum's confidential information for any reason other than to manage its investment in Zunum. Zunum introduced substantial evidence at trial from which a jury could reasonably infer that Boeing used Zunum's confidential information for other purposes, including advancing Boeing's own hybrid-electric aircraft

5

program. In concluding otherwise, the district court impermissibly reweighed the evidence and failed to make all reasonable inferences in Zunum's favor. *See Reeves*, 530 U.S. at 150.

Second, the district court erred in concluding that Zunum failed to present substantial evidence of damages resulting from this breach. Under Delaware law, which governs the parties' contract, "the issue of proximate cause is ordinarily a question of fact to be submitted to the jury." *Culver v. Bennett,* 588 A.2d 1094, 1098 (Del. 1991). Drawing all reasonable inferences in Zunum's favor, *see Reeves*, 530 U.S. at 150, the jury could have reasonably determined that Boeing's misuse of Zunum's confidential information destroyed Zunum's competitive advantage, which caused Zunum to lose future investment and partnership opportunities.

3.　　We reverse the district court's grant of JMOL in favor of Boeing on Zunum's tortious interference claim. The district court erred in concluding that the jury lacked substantial evidence to find that a deal between Safran and Zunum had a "reasonable expectancy of fruition." *Scymanski v. Dufault*, 491 P.2d 1050, 1055 (Wash. 1971) (en banc). At trial, Zunum's witnesses testified to a lengthy negotiation process that began when Safran reached out "cold" to Zunum with a proposal to invest and partner. Witnesses testified at trial that these negotiations were promising and ongoing until Boeing's alleged interference. Indeed, Zunum put forth evidence showing that Boeing employees acknowledged Safran's interest

6

in Zunum. In ruling to the contrary, the court impermissibly reweighed the evidence and failed to make all reasonable inferences in Zunum's favor. *See Reeves*, 530 U.S. at 150.

Substantial evidence also supports the jury's findings as to the remaining elements of Zunum's tortious interference claim. *See Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997) (en banc) (setting forth the elements of a tortious interference claim under Washington law). From witness testimony and contemporaneous Boeing emails introduced at trial, the jury could have reasonably found that Boeing intentionally interfered in the Zunum-Safran relationship for an improper purpose, and that Boeing's interference damaged Zunum.

4. Boeing argues that even if substantial evidence supports the jury's finding of liability on Zunum's claims, it is still entitled to JMOL because Zunum failed to present substantial evidence of damages. Although we may affirm the district court's judgment on any basis supported by the record, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005), we reject Boeing's argument. The district court did not abuse its discretion in admitting the testimony of Zunum's damages expert and, crediting this testimony as true as is required in considering a motion for JMOL, *see Krechman*, 723 F.3d at 1110-11, substantial evidence supported the jury's damages verdict.

7

5. We also reverse the district court's conditional grant of a new trial. The district court provided no substantive reasoning for its conditional ruling beyond that which it provided in its JMOL decision. Because the district court based its grant of a new trial on a JMOL analysis that is centered on "erroneous interpretations of the law," these errors "compel [the] conclu[sion] that the district court abused its discretion in ordering a new trial." *Wallace*, 479 F.3d at 630. Moreover, after a review of the full record, we conclude that "the jury's verdict was not against the great weight of the evidence." *Id.* at 631.

6. We remand with the instruction that this case be assigned to a different district judge. One day before the district court entered final judgment, the court sua sponte issued a "Notice of Financial Transaction." In it, the district judge explained that his spouse holds a traditional IRA with a bank to which she has delegated investment authority to manage the IRA's investments. Through this IRA, the district judge's spouse acquired Boeing stock on two separate occasions during the pendency of this litigation. The district judge divested this financial interest promptly in compliance with 28 U.S.C. § 455(b)(4), (f). However, the district judge did not state that he took proactive steps after learning of the first Boeing stock purchase to prevent the bank from making another Boeing stock purchase the very next month. Moreover, the district court did not promptly disclose these transactions to the parties. The district judge learned of the stock

8

purchases from monthly account statements in May 2023 and June 2023, just weeks after the transactions took place. However, he did not disclose these transactions until September 2024—over a year later and just one day before entering final judgment. Moreover, the disclosure did not occur until after an August 2024 media interview in which the district judge described these events as an "error." This delayed disclosure, taken together with the district court's consistent rulings in Boeing's favor during and after trial, could give an objective observer reason to question the district judge's impartiality in further proceedings. *See* 28 U.S.C. § 455(a); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).[1]

**REVERSED and REMANDED WITH INSTRUCTIONS**.

---

[1] Amicus curiae's motions for leave to file an amicus brief (No. 24-5212, Dkt. 18; No. 24-5751, Dkt. 12) are granted.