**Case Nos. 24-5212; 24-5751**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

ZUNUM AERO, INC.,

*Plaintiff, Counter-Defendant, and Appellant*,

v.

THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC,

*Defendants, Counter-Claimants, and Appellees*.

---

Appeal from the United States District Court
for the Western District of Washington, No. 2:21-cv-00896
The Honorable James L. Robart

---

# APPELLEES' MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING EN BANC

---


Brad D. Brian
MUNGER, TOLLES & OLSON LLP
350 S Grand Ave, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Brad.Brian@mto.com

Miriam Kim
MUNGER, TOLLES & OLSON LLP
560 Mission St, 27th Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Miriam.Kim@mto.com

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Jeremy Kreisberg
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave NW
Suite 500E
Washington, DC 20001
Telephone: (202) 220-1000
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Jeremy.Kreisberg@mto.com

*Counsel for Defendants, Counter-Claimants, and Appellees*
(additional counsel on inside cover)

John C. Hueston, Esq.
Moez M. Kaba, Esq.
Yegor Fursevich, Esq.
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825
Jhueston@hueston.com
Mkaba@hueston.com
Yfursevich@hueston.com

David A. Perez, Esq.
Susan E. Foster, Esq.
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Dperez@perkinscoie.com
Sfoster@perkinscoie.com

Pursuant to Rules 26(b) and 40(d)(1) of the Federal Rules of Appellate Procedure, Appellees The Boeing Company and Boeing HorizonX Ventures, LLC (collectively, "Boeing") respectfully move for a 30-day extension of time to file a petition for rehearing en banc. The panel's decision regarding this Court's appellate jurisdiction and the district court's exercise of supplemental jurisdiction was issued on August 26, 2026. Boeing's current deadline for filing a petition for rehearing en banc is September 9, 2026. *See* Fed. R. App. P. 40(d)(1). If the Court grants this extension request, Boeing's deadline to file a petition for rehearing en banc will be October 9, 2026.

This Court may extend the due date for filing a petition for rehearing en banc for good cause. Fed. R. App. P. 26(b), 40(d)(1). As described in the attached Declaration of Elaine J. Goldenberg ("Goldenberg Decl."), good cause exists for Boeing's requested extension, and Boeing's request is based on a showing of diligence and substantial need.

This matter has several features that warrant additional time to prepare a petition for rehearing en banc. The case is in an unusual procedural posture: the panel has denied panel rehearing on grounds not addressed in the initial panel decision, and Boeing's initial petition for rehearing en banc remains pending. That unusual procedural posture has already required Boeing to research and engage with

the Clerk's Office regarding Boeing's procedural options—steps that ultimately yielded confirmation that Boeing may file another petition for rehearing en banc.

Having now confirmed that option, Boeing and its counsel have turned to work on that anticipated petition, but completing that work will require a substantial dedication of time and resources. Boeing must address the panel's new, published decision, which decides important questions regarding the circumstances in which a counterclaim is compulsory, the division of appellate jurisdiction between this Court and the Federal Circuit, and the intersection between compulsory counterclaims and supplemental jurisdiction. The panel's decision on at least some of those issues is novel in this Circuit. The panel's decision also raises at least one potential division of authority within this Circuit which may necessitate urgent en banc review. *See Zunum Aero, Inc. v. Boeing Co.*, 2026 WL 2509406, at *13 n.4 (9th Cir. Aug. 26, 2026) (Bade, J., concurring in part and concurring in the order denying the petition for panel rehearing). The panel's decision also requires Boeing to consider how that decision may affect Boeing's initial arguments in support of rehearing en banc, given the possibility that this Court will now adjudicate more cases addressing alleged misappropriation of trade secrets in the context of patents.

Moreover, the counsel leading this appeal for Boeing at the rehearing stage have significant conflicts that will make it difficult for them to devote the necessary attention to Boeing's anticipated petition before the current deadline. Goldenberg

Decl. ¶ 6. Those conflicts include multiple filings due this week, an additional filing due the week of September 14, up to two anticipated arguments in the month of September, and a long-planned vacation that Boeing's lead appellate counsel is currently taking. *Id.*

Counsel for Plaintiff-Appellant Zunum Aero, Inc. ("Zunum") was informed of Boeing's intent to file this Motion on September 3, 2026. *Id.* ¶ 8. Counsel for Zunum indicated that Zunum opposes Boeing's request for an extension. *Id.*

As Boeing explained one year ago when it sought an extension of time to file a petition for rehearing of the panel's merits decision, this Court regularly grants reasonable extensions of time to prepare a petition for rehearing en banc, even when the requested extension is opposed. *See, e.g.*, *Bates v. Pakseresht*, No. 23-4169, Dkt. 93.1 (granting request for 30-day extension); *Manansingh v. United States*, No. 21-16192, Dkt. 57 (granting request for 28-day extension); *Parker v. BNSF Railway Co.*, No. 22-35695, Dkt. 57 (granting opposed request for extension). This Court did exactly that in this case last year—granting Boeing's request for an extension of time to file a petition for rehearing, over Zunum's opposition. *See* Dkt. 56. Such an extension is warranted yet again, considering the large amount of money that remains at issue in this appeal and the important questions of law addressed by the panel's most recent decision.

Respectfully submitted,

Dated: September 4, 2026 **MUNGER, TOLLES & OLSON LLP**

By: */s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.

*Counsel for Defendants, Counter-Claimants, and Appellees The Boeing Company and Boeing HorizonX Ventures, LLC*

**DECLARATION OF ELAINE J. GOLDENBERG**

I, Elaine J. Goldenberg, declare as follows:

1. I am a partner with the law firm Munger, Tolles & Olson LLP and a member in good standing of the Bar of this Court. Subsequent to issuance of the August 14, 2025, panel decision in the above-captioned case, Munger, Tolles & Olson was retained as lead counsel on appeal for Appellees The Boeing Company and Boeing HorizonX Ventures, LLC (collectively, "Boeing") in this case. I have personal knowledge of the facts set forth in this declaration.

2. Boeing is planning to file a petition for rehearing en banc of the panel's decision of August 26, 2026. That petition is currently due on September 9, 2026. Fed. R. App. P. 40(d)(1).

3. Boeing seeks a 30-day extension of the deadline to file a petition for rehearing en banc to October 9, 2026. As described below, there is substantial need and good cause for that extension.

4. Despite the exercise of diligence in this matter, counsel for Boeing will be unable to complete a petition for rehearing en banc by the current deadline for such a petition.

5. Drafting the anticipated petition for rehearing en banc in this matter will require substantial time and resources. The panel's decision on rehearing addresses important questions regarding the circumstances in which a counterclaim is

compulsory, the division of appellate jurisdiction between this Court and the Federal Circuit, and the intersection between compulsory counterclaims and supplemental jurisdiction. The panel's decision on at least some of those issues is novel in this Circuit. The panel's decision also raises at least one potential division of authority within this Circuit. And it will require consideration of how the panel's appellate-jurisdiction holding may affect Boeing's initial arguments in support of rehearing en banc, given the possibility that this Circuit will now adjudicate more cases addressing alleged misappropriation of trade secrets in the context of patents. In addition, there is a very significant amount of money at stake in this case—many tens of millions of dollars.

6. As appellate counsel in this matter, Munger, Tolles & Olson LLP is responsible for drafting the petition for rehearing en banc, but Donald B. Verrilli, Jr. (the firm's lead attorney on this matter) and I have significant conflicts that will make it difficult for us to devote the necessary attention to Boeing's anticipated petition before the current deadline. I was responsible for filing comments due yesterday to the Federal Energy Regulatory Commission in Docket No. ER26-3515-000, and I am responsible for filing a reply brief due today in the U.S. Court of Appeals for the Fourth Circuit in *CareFirst of Maryland, Inc. v. Amgen*, No. 26-1473. I also have a writ petition due in the California Court of Appeal on September 14 in *Pacific Gas & Electric Co. v. California Public Utilities Commission* (no

docket number yet assigned). My partner, Mr. Verrilli, is currently in Italy on a vacation that was planned long ago. Mr. Verrilli's time in September is also limited by his need to prepare for anticipated oral arguments in both the Delaware Supreme Court and the Western District of Washington. At least one, and possibly both, of those arguments are anticipated to be scheduled in September.

7. Finally, given the amount at stake in this case and the important issues presented, Boeing requires multiple stakeholders to confer on the grounds for seeking rehearing en banc and to review drafts of any petition for rehearing en banc. Additional time is needed to facilitate that review by Boeing and to incorporate any feedback received from Boeing on any draft petition for rehearing en banc.

8. My partner, Jeremy Kreisberg, emailed counsel for Plaintiff-Appellant Zunum Aero, Inc. ("Zunum") on September 3, 2026, to inform Zunum of Boeing's intent to file this Motion and to seek Zunum's position on it. On September 4, 2026, counsel for Zunum indicated that Zunum opposes Boeing's request for an extension.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of September, 2026, at Clarksville, Maryland.

Dated: September 4, 2026

*/s/ Elaine J. Goldenberg*
Elaine J. Goldenberg

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32 of the Federal Rules of Appellate Procedure, the undersigned counsel hereby certifies that this motion complies with the requirements for motions set forth in the applicable rules. This motion complies with the type volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rules 27-1(1)(d) and 32-3. As measured by the word-processing system used to prepare this motion, there are 699 words in the motion, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and 32(f) and Circuit Rule 27-1(1)(d).

Dated: September 4, 2026

*<u>/s/ Donald B. Verrilli, Jr.</u>*
Donald B. Verrilli, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, I electronically filed the foregoing document, including the attached declaration, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using ACMS.

Dated: September 4, 2026

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.